UNITED STATES, Appellee

v

JAMES T. FIDLER, Recruit, U. S. Army, Appellant

12 USCMA 454, 31 CMR 40

No. 14,635

July 28, 1961

*First Lieutenant Thomas Stapleton* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel W. H. Blackmarr* and *First Lieutenant Robert D. Stiles.*

*Captain William A. Zeigler* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel James G. McConaughy,* and *First Lieutenant Jerome Nelson.*

## Opinion of the Court

HOMER FERGUSON, Judge:

This is a companion case to United States v Woolbright, 12 USCMA 450, 30 CMR 36, this day decided. Unlike Woolbright, however, Recruit Fidler was convicted only of willful disobedience of an order of Second Lieutenant Charles R. Hoffman, in violation of Uniform Code of Military Justice, Article 90, 10 USC § 890, and of failure to obey a lawful order of his guard, Private First Class Albert P. Loriot, in violation of Code, supra, Article 92, 10 USC § 892. On the basis of these and other, unrelated findings, he was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for three years. Intermediate appellate agencies affirmed, and we granted review on the issue of the legality of the orders involved in the findings of guilty. As in United States v Woolbright, supra, the accused also filed a petition for new trial on the basis of newly discovered evidence indicating that the golf course upon which he was ordered to work was the property of a private association.

The record of trial is devoid of any evidence indicating that the golf course here involved was privately owned or operated. From the specification and proof, it appears to be located on a military reservation. On the basis of the record, therefore, it cannot be stated that the orders to the accused were unlawful.

Once again, as in *Woolbright,* supra, the evidence regarding the ownership of the course and the nature of the Fort Leonard Wood Golf Club is found only in the petition for new trial. For the reasons set forth in that case, it is clear that the accused here also did not exercise due diligence at the trial level with respect to this matter. Hence, the petition for new trial must be denied.

The decision of the board of review is affirmed, and the petition for new trial is denied.

Chief Judge QUINN concurs.